# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NORTHMOBILETECH LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. 11-CV-291 |
| | ) |
| vs. | ) Hon. Barbara B. Crabb |
| | ) |
| GENERAL GROWTH PROPERTIES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT GENERAL GROWTH PROPERTIES, INC.

General Growth Properties, Inc. ("GGP"), by the undersigned attorneys, hereby responds to the Complaint of NorthMobileTech, LLC ("NMT") as follows:

### Parties

1. On information and belief, NMT is a Wisconsin limited liability company with a registered office at 2413 Parmenter Street, Suite 125, Middleton, WI 53562. On information and belief, NMT's Wisconsin office was established for the purpose of conducting this litigation in the Western District of Wisconsin. GGP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint, and therefore denies them.

2. GGP admits that General Growth Properties, Inc. is a company incorporated under the laws of Delaware and that its principal place of business is located at 110 North Wacker Drive, Chicago, Illinois 60606. GGP further admits that the company's common stock is traded on the New York Stock Exchange.

3. GGP admits that it develops real estate and owns and operates shopping centers throughout the United States, including shopping centers in approximately forty-three states.

GGP further admits that it owns, operates or manages approximately one hundred sixty-nine shopping centers and that one of these shopping centers is located in the Western District of Wisconsin.

## Jurisdiction and Venue

4. GGP admits that NMT's claims purport to arise under the patent laws of the United States, Title 35 of the United States Code. GGP further admits that actions arising under the patent laws of the United States, Title 35 of the United States Code, support original jurisdiction in the United States District Courts pursuant to 28 U.S.C. §§ 1331 and 1338(a). GGP denies the remaining allegations contained in paragraph 4 of the Complaint.

5. GGP admits, for the purposes of this action only, that it is subject to personal jurisdiction in this District. GGP denies the remaining allegations contained in paragraph 5 of the Complaint.

6. GGP admits, for the purposes of this action only, that it is subject to personal jurisdiction in this District and that it is therefore a resident of this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). GGP denies that venue is convenient in this District. GGP further denies that it engages in significant business activities in this District and incorporates by reference its denial of the allegations contained in paragraph 5 of the Complaint. To the extent that paragraph 6 of the Complaint makes additional allegations regarding GGP's activities in the District, GGP denies them.

## Count I: Infringement of U.S. Pat. No. 7,805,130

7. GGP incorporates by reference its responses to paragraphs 1 through 6 of the Complaint.

8.      GGP admits that U.S. Patent Number 7,805,130 ("the '130 patent") states on its face that it was issued on September 28, 2010 and that it is titled on its face "Marketing Method." GGP further admits that Exhibit 1 appears to be a copy of the '130 patent.  GGP states that the third sentence of paragraph 8 of the Complaint is a legal conclusion to which no response is required.  To the extent that the third sentence of paragraph 8 makes factual allegations, GGP is without knowledge sufficient to form a belief as to these allegations and therefore denies them.

9.      GGP is without knowledge sufficient to form a belief as to the allegations in paragraph 9 of the Complaint and therefore denies them.

10.     GGP admits that it distributes a software application known as The Club Mobile App by making it available for free via the Apple App Store and the Android Market.  GGP further admits that The Club Mobile App provides promotional and event information to customers of GGP's shopping centers.  GGP denies that it infringes the '130 patent.  To the extent that paragraph 10 of the Complaint contains additional allegations, GGP denies them.

11.     GGP denies each and every allegation contained in paragraph 11 of the Complaint.

12.     GGP denies each and every allegation contained in paragraph 12 of the Complaint.

**Relief**

GGP denies that NMT is entitled to any relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

NMT is not entitled to any relief against GGP because GGP has not and is not, literally or under the doctrine of equivalents, infringing (either directly, by inducement, or contributorily) any valid and enforceable claim of the '130 patent.

### Second Affirmative Defense

The claims of the '130 patent are invalid for failing to meet one or more of the requisite conditions for patentability specified by 35 U.S.C. § 101 *et seq.*

### Third Affirmative Defense

NMT is not entitled to any injunctive relief because any injury to NMT is not immediate or irreparable, and NMT has an adequate remedy at law.

GGP reserves the right to plead additional defenses supported by the facts upon the completion of discovery.

# GENERAL GROWTH PROPERTIES, INC.'S COUNTERCLAIMS AGAINST NORTHMOBILETECH, LLC

Counter-plaintiff General Growth Properties, Inc. ("GGP"), for its counterclaims against counter-defendant NorthMobileTech LLC ("NMT"), alleges as follows:

## The Parties, Jurisdiction, and Venue

1.  On April 21, 2011, NMT filed a complaint in this action alleging that GGP infringes U.S. Patent No. 7,805,130 ("the '130 patent").

2.  GGP is a company established under the laws of Delaware with a principal place of business at 110 North Wacker Drive, Chicago, Illinois 60606.

3.  On information and belief, NMT is a Wisconsin limited liability company with a registered office at 2413 Parmenter Street, Suite 125, Middleton, WI 53562.  On information and belief, NMT's Wisconsin office was established for the purpose of conducting this litigation in the Western District of Wisconsin.

4.  This is an action arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, for a declaratory judgment that the '130 patent is not infringed by GGP and is invalid.

5.  This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. §§ 2201 and 2202.  An actual controversy exists because NMT is asserting in this lawsuit that GGP infringes the '130 patent and GGP denies these assertions.

6.  NMT has consented to personal jurisdiction and venue in this Court by voluntarily appearing to file its claims for patent infringement.

7. These counterclaims arise out of NMT's attempts to enforce the '130 patent in the above-captioned case, Case No. 11-CV-291.

### Count I: Noninfringement

8. GGP repeats and realleges the allegations contained in paragraphs 1-7 of its Counterclaims.

9. This is an action for declaratory judgment of noninfringement of any claim of the '130 patent.

10. An actual controversy exists between GGP and NMT concerning whether GGP's The Club Mobile App has infringed or infringes any claim of the '130 patent.

11. A judicial declaration that GGP's The Club Mobile App has not infringed and does not infringe any valid claim of the '130 patent is necessary and appropriate at this time so that GGP can ascertain its rights and duties with respect to designing, marketing, and distributing The Club Mobile App.

### Count II: Invalidity

12. GGP repeats and realleges the allegations contained in paragraphs 1-7 of its Counterclaims.

13. This is an action for declaratory judgment of invalidity of the claims of the '130 patent.

14. An actual controversy exists between GGP and NMT concerning whether the claims of the '130 patent are invalid for failing to satisfy one or more conditions of patentability under 35 U.S.C. § 101 *et seq*.

15. A judicial declaration that the claims of the '130 patent are invalid is necessary and appropriate at this time so that GGP can ascertain its rights and duties with respect to designing, marketing, and selling The Club Mobile App.

## Prayer for Relief

16. GGP prays for a judgment against NMT as follows and requests that the Court:

   a. Declare that GGP has not infringed any claim of the '130 patent;

   b. Declare that the claims of the '130 patent are invalid;

   c. Enter an order preliminarily and permanently enjoining NMT, its employees, agents, successors, and assignees, and all persons in active consort or participation with any of them, from directly or indirectly charging GGP or any of its customers with infringement of any claim of the '130 patent by any GGP product accused in this case;

   d. Declare this case exceptional under 35 U.S.C. § 285 and award GGP reasonable attorneys' fees, expenses, and costs, including interest incurred in this action; and

   e. Award GGP such further necessary and proper relief as the Court may deem just and proper.

## Jury Trial Demanded

GGP hereby demands a trial by jury as to all issues so triable herein.

Dated: June 30, 2011                              Respectfully submitted,

                                                  s/ Mark A. Pals, P.C.
                                                  Mark A. Pals, P.C. (IL 6201751)
                                                  Eric D. Hayes, *pro hac vice pending*
                                                  Helena D. Kiepura, *pro hac vice pending*
                                                  KIRKLAND & ELLIS LLP
                                                  300 North LaSalle Street
                                                  Chicago, Illinois 60654

        Telephone: (312) 862-2000
        Facsimile: (312) 862-2200
        mark.pals@kirkland.com
        eric.hayes@kirkland.com
        helena.kiepura@kirkland.com
        *Attorneys for Defendant General Growth*
        *Properties, Inc.*

        _____

        David A. Casimir
        David A. Payne
        CASIMIR JONES, S.C.
        2275 Deming Way, Ste 310
        Middleton, WI 53562
        Telephone: (608) 662-1277
        Facsimile: (608) 662-1276
        dacasimir@casimirjones.com
        *Attorneys for Defendant General Growth*
        *Properties, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| NORTHMOBILETECH LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. 11-CV-291 |
| | ) |
| vs. | ) JURY TRIAL DEMANDED |
| | ) |
| GENERAL GROWTH PROPERTIES, INC., | ) Hon. Barbara B. Crabb |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June, 2011, a copy of Answer and Counterclaims of Defendant General Growth Properties, Inc. was served via ECF on all counsel of record.

Dated:  June 30, 2011                              Respectfully submitted,

s/ Mark A. Pals, P.C.
Mark A. Pals, P.C. (IL 6201751)
Eric D. Hayes, *pro hac vice pending*
Helena D. Kiepura, *pro hac vice pending*
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
mark.pals@kirkland.com
eric.hayes@kirkland.com
helena.kiepura@kirkland.com
*Attorneys for Defendant General Growth Properties, Inc.*

David A. Casimir
David A. Payne
CASIMIR JONES, S.C.
2275 Deming Way, Ste 310
Middleton, WI 53562
Telephone: (608) 662-1277

Facsimile: (608) 662-1276
dacasimir@casimirjones.com
*Attorneys for Defendant General Growth Properties, Inc.*