# EXHIBIT N

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| NORTHMOBILETECH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-287 |
| | ) | |
| SIMON PROPERTY GROUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## SIMON PROPERTY GROUP'S MOTION TO TRANSFER VENUE
## PURSUANT TO 28 U.S.C. § 1404(a)

Defendant Simon Property Group, Inc., by its undersigned counsel, and pursuant to 28 U.S.C. § 1404(a), hereby moves to transfer this case to the United States District Court for the Southern District of Indiana for the convenience of the parties and witnesses and in the interests of justice. The bases for this Motion are further set forth and supported in the accompanying Simon Property Group's Memorandum in of Law in Support of Its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

Dated this 4th day of May, 2011.          WHYTE HIRSCHBOECK DUDEK S.C.


By: *s/ Eugenia G. Carter*
Eugenia G. Carter
*Counsel for Simon Property Group, Inc.*

ADDRESS:
33 East Main Street
Suite 300
Madison, WI 53703-4655
608-255-4440
608-258-7138 (fax)

WHD/7832236.1

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

---

NORTHMOBILETECH LLC,

                    Plaintiff,

      vs.

SIMON PROPERTY GROUP, INC.,

                    Defendant.

Civil Action No. 11-CV-287

---

## CERTIFICATE OF SERVICE

---

I hereby certify that on the 4th day of May, 2011, a copy of Simon Property Group's

Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), Simon Property Group's

Memorandum of Law in Support of Its Motion to Transfer Venue Pursuant to 28 U.S.C. §

1404(a) and Declaration of Jack L. Boyd in Support of Its Motion to Transfer Venue Pursuant to

28 U.S.C. § 1404(a) was served via ECF on all counsel of record.

**WHYTE HIRSCHBOECK DUDEK S.C**.

Dated: May 4, 2011                    By: *s/ Eugenia G. Carter*
                                     Eugenia G. Carter

Address
Whyte Hirschboeck Dudek S.C.
33 East Main Street, Suite 300
Madison, Wisconsin 53703-3300
Tel: (608) 255-4440
Fax: (608) 258-7138
E-mail: gcarter@whdlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| NORTHMOBILETECH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-287 |
| | ) | |
| SIMON PROPERTY GROUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**SIMON PROPERTY GROUP'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**
**PURSUANT TO 28 U.S.C. § 1404(a)**

Simon Property Group, Inc. ("Simon"), by and through its attorneys, respectfully requests that the Court transfer this case to the United States District Court of the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a). In support of its motion, Simon submits the following:

**INTRODUCTION**

This lawsuit does not belong in this jurisdiction. Aside from a hastily arranged shell company that was organized just days before this action was filed, this dispute has no connection to this District. Even worse, when NorthMobileTech LLC ("Plaintiff") filed this lawsuit, another matter between the same two parties, involving the same exact issues, was already pending in the United States District Court for the Southern District of Indiana - the jurisdiction where most of the witnesses and proof necessary for this case are located. It is apparent that this action is nothing more than a thinly-veiled attempt to forum shop an inconvenient location; the precise event that Section 1404(a) was enacted to eliminate. *See Ferens v. John Deere Co.,* 494 U.S. 516, 528-30, 110 S.Ct. 1274, 1282-83, 108 L.Ed.2d 443 (1990).

Because this is a patent infringement case, the issues involved will necessarily revolve almost exclusively around Simon's activities, such as the development of the accused product,

the management of the accused product and notice of the asserted patent and damages, if any. Notably, these activities took place in Indiana, where Simon is headquartered. In fact, *none* of the relevant facts support a conclusion that it would be more convenient to conduct this litigation here as opposed to transferring the case to the Southern District of Indiana:

- The key witnesses and sources of proof are located in Indianapolis, Indiana;

- Before this case was filed, a lawsuit was already pending in the Southern District of Indiana involving identical parties and the patent that is at issue here;

- Other than a recently created limited liability company, which is nothing more than a shell entity, this dispute has no connection to the Western District of Wisconsin;

- Although listing a "Middleton, WI" address, Plaintiff has no business operations of any kind in this District;

- The principals of Plaintiff do not even live and work in the United States; indeed, they reside in Toronto, Ontario; and

- Just days before this lawsuit was filed, the same principals that formed NorthMobileTech LLC were acting under the name of an entity called Fenwick, which is based at 33 Harbour Square Suite 2604, Toronto, Ontario.

Based upon the standards articulated in 28 U.S.C. § 1404(a), this case should be transferred to the United States District Court for the Southern District of Indiana, which is the location where the allegedly infringing acts occurred. Moreover, Indiana is far more convenient for the overwhelming majority of the witnesses and has a greater interest in the dispute (because an actual functioning business residing in its district has been accused of wrongdoing).

## BACKGROUND

Plaintiff alleges that the Simon Malls iPhone Application (the "Simon App.") infringes United States Patent No. 7,805,130 (the "'130 patent"), issued September 28, 2010. Compl., ¶¶ 10-11. Simon is a Delaware corporation with its principal place of business in Indianapolis, Indiana. *Id*., ¶ 2. The center of the allegedly infringing activity is in Indianapolis, Indiana.

Declaration of Jack Boyd, attached hereto as Exhibit 1, ¶ 3.  Given the allegations in the Complaint, potential key witnesses in this case include Patrick Flanagan, who is Simon's Vice President of Strategy & Marketing, as well as employees from Simon's Marketing and Finance & Accounting Departments.  *Id.*  All of these employees reside near and are employed in Indianapolis, Indiana.  *Id*.  These witnesses will be significantly inconvenienced if they are required to travel to Madison, Wisconsin for purposes of a hearing or trial.  *Id.*, ¶ 4.

By contrast, the likely witnesses can appear far more easily at a hearing or trial in Indianapolis, Indiana.  *Id.*  All of them live within the subpoena radius of the United States District Court for the Southern District of Indiana.  *Id*.  In addition to witnesses, any documents, data or other relevant information within Simon's possession, custody or control that might be a source of proof in this case, are located at Simon's corporate headquarters in Indianapolis, Indiana.  *Id.*, ¶ 5.  None of the relevant Simon witnesses or sources of information in this case are located in the State of Wisconsin, let alone within the Western District of Wisconsin.  *Id.*, ¶ 6.

Plaintiff NorthMobileTech, LLC is a patent troll created by two Canadian residents that have been operating as an entity called "Fenwick" out of Toronto, Canada and, to this day, continue to use a Canadian phone number listing.  It was only days ago, on April 7, 2011, that NorthMobileTech, LLC was first registered with the Office of the Secretary of State for the State of Wisconsin.  NorthMobileTech, LLC has no discernible business activities of any kind in the Western District of Wisconsin, and the filing of limited liability papers there appears to be motivated solely by an attempt to gain venue in this District.  Indeed, NorthMobileTech, LLC did not even possess rights in the '130 patent until an April 12, 2011 assignment, which occurred a week before this lawsuit was filed.

Prior to April 12, 2011, all communications regarding the '130 patent took place with the entity known as Fenwick in Toronto, Ontario. *Id.*, ¶ 7. On March 23, 2011, Fenwick sent a letter to Simon accusing the Simon App. of infringing the '130 patent. *Id.* The March 23, 2011 letter identifies a telephone number for Fenwick that includes a Toronto, Ontario area code. *Id.* Greg Smith, who is one of the inventors of the '130 patent and resides in Toronto, Ontario, signed the March 23, 2011 letter on behalf of Fenwick. Records indicate that Mr. Smith resides at the same Toronto address as that listed for Fenwick on the March 23, 2011 letter. *Id.*

On April 12, 2011, Simon received an email from Mr. Smith advising that the '130 patent had been assigned to an entity identified as NorthMobileTech, LLC, the Plaintiff in this case. *Id.*, ¶ 9. This email identified a Middleton, Wisconsin address for Mr. Smith; however, the phone number associated with Mr. Smith in the email was the same Toronto, Ontario phone number associated with Fenwick in the March 23, 2011 letter. *Id.*

Ultimately, Simon and Mr. Smith scheduled a teleconference on April 19, 2011 to discuss Fenwick's March 23, 2011 letter. Prior to the April 19, 2011 teleconference between Mr. Smith and Simon, Simon was informed that it would have more time to review the March 23, 2011 letter before Mr. Smith would seek legal action. *Id.*, ¶ 10. However, during the April 19, 2011 teleconference, Mr. Smith falsely informed Simon that Plaintiff had already filed a lawsuit against Simon in this District. *Id.* A review of this District's docket, however, revealed that no such lawsuit had been filed. *Id.*

In order to protect its rights, on the morning of April 20, 2011, Simon filed a declaratory judgment action against Plaintiff in the United States District Court for the Southern District of Indiana (the "Indiana Action"). *Id.*, ¶ 11. Despite having been served with Simon's Complaint and Summons in the Indiana Action on April 20, 2011, Plaintiff subsequently filed this case. *Id.*,

¶ 12.  Plaintiff's lawsuit was filed a mere eight (8) days after Plaintiff had been assigned the '130 patent.  *Id.*

Just days ago, the principals that created Plaintiff were operating as a company called Fenwick with an address in Ontario, Toronto.  Aside from having received a single email communication on April 12, 2011 that was purportedly from Plaintiff, this dispute has no connection to the State of Wisconsin.  *Id.*, ¶ 13.  As discussed below, analysis of the four key convenience factors militates in favor of transferring this case to the United States District Court for the Southern District of Indiana.  Transfer is furthermore warranted because Plaintiff should not be rewarded for its forum-shopping tactics.

## ARGUMENT

Section 1404(a) provides for transfer to another district: "[F]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  A key purposes behind section 1404(a) is to avoid "wastefulness of time, energy, and money." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed. 1540 (1960).

In this District, courts routinely apply a four-part test in determining whether to grant a Motion to Transfer under 28 U.S.C. § 1404(a).  That determination "requires an analysis of (1) the plaintiff's choice of forum; (2) the convenience to parties; (3) the convenience to witnesses; and (4) the interests of justice."  *Uniroyal Engineered Prods., LLC v. Omnova Solutions, Inc.*, No. 08-cv-586-slc, 2009 WL 736700, at *3 (W.D. Wis. Mar. 19, 2009) (granting motion to transfer in patent infringement case on facts similar to those present here).  Plaintiff's blatant attempt at forum shopping should not be tolerated.  Under the applicable legal standard, and based on the facts set forth above, this case should be transferred.

### A. The Case Should Be Transferred To The United States District Court for the Southern District of Indiana.

Analysis of each of the four convenience factors overwhelmingly supports the conclusion that this case should be transferred. This District has no connection to this dispute. The lone connection to this District – Plaintiff's hastily created LLC – is entitled to no deference and cannot serve to override another currently pending lawsuit in the same the location of all the key witnesses and evidence. Moreover, transfer to the Southern District of Indiana will likely result in this case being consolidated with the identical case pending there, thereby conserving judicial resources and avoiding the risk inconsistent judgments.

### 1. Plaintiff's Choice of Forum Deserves No Deference Here.

Plaintiff's choice of forum is entitled to no deference, as it is clear that NorthMobileTech, LLC is nothing more than an empty shell entity that conducts no business operations. A plaintiff's choice of forum should only be given deference when the plaintiff is litigating in its home forum. *Uniroyal Engineered Prods*., LLC, 2009 WL 736700, *at* *3 (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981)). "The rational behind giving deference to a plaintiff's choice of forum is that it is reasonable to assume that a plaintiff chooses a home forum for convenience." *Uniroyal Engineered Prods*., LLC, 2009 WL 736700, *at* *3; *see also Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F.Supp.2d 1169, 1175 (W.D. Wis. 2007) ("[T]he Western District of Wisconsin is not plaintiff's home forum, which means that plaintiff's choice in forum receives no special deference"); *Symbol Techs., Inc. v. Intermec Techs. Corp.*, No. 05-C-256-C, 2005 WL 1657091, at *3 (W.D. Wis. July 14, 2005) ("[i]f plaintiff's chosen forum is not the situs of material events, a plaintiff's choice has weight equal to the other factors and will not receive deference").

In *Uniroyal Engineered Products, LLC*, the plaintiff, as here, filed a patent infringement action in this District days after the defendant had filed a declaratory judgment action in another district. 2009 WL 736700, *at* *1-2. The court did not defer to the plaintiff's choice of forum because the plaintiff merely had a manufacturing facility in this District, and its principal place of business and headquarters were located elsewhere. *Id.* at *3. Moreover, in *EVCO Technology & Development Co., LLC v. Precision Shooting Equipment, Inc.*, the court rejected the plaintiff's choice of forum because the plaintiff's owner and only employee resided in Canada, and the plaintiff's only business in the district in which the case was filed involved litigation relating to enforcement of the patent at issue. 379 F.Supp.2d 728, 730 (E.D. Pa. 2005) (granting transfer because the plaintiff "appear[ed] to exist only on paper" in the district in which the case was filed).

Here, Plaintiff's choice of forum should be given even *less* deference than in *Uniroyal* because this District is not its "home" forum, and Plaintiff has no operating business – other than the litigation of this case – in this District. Indeed, this case is similar to *EVCO Technology & Development Co., LLC*, where the plaintiff set up a shell corporation in a district for the sole purpose of initiating litigation to enforce its patents. As previously stated, the principals of Plaintiff here live and work in Toronto, Ontario. Plaintiff's recent registration with the Office of the Secretary of State for the State of Wisconsin appears motivated solely for purposes of filing this lawsuit. Plaintiff is nothing more than a shell corporation (patent troll) created solely to attempt to coerce an inconvenient venue in this District and extort an unjustified settlement from Simon. Therefore, Plaintiff's choice of forum is not entitled to any deference.

2.      **The Southern District Of Indiana Is Far More Convenient For The Parties.**

This case should be transferred to Indiana because Indiana is a more convenient forum for the parties.  In the transfer context, courts consider "the situs of material events and ease of access to sources of proof."  *Lienage Power Corp. v. Synqor, Inc.*, No. 08-CV-397-SLC, 2009 WL 90346, at *4 (W.D. Wis. Jan. 13, 2009).  In patent infringement cases, in particular, "the bulk of the relevant evidence usually comes from the accused infringer and, therefore, the place where the defendant's documents are kept weighs in favor of transfer."  *See Amtran Tech. Co., Ltd. v. Funai Elec. Co., Ltd.*, No. 08-CV-740-BBC, 2009 WL 2341555, at *3 (W.D. Wis. July 29, 2009).

The court recognized in *Uniroyal Engineered Products, LLC* that the forum where an accused infringer is headquartered and where the defendant's principal place of business is located is a more convenient forum for the defendant.  2009 WL 736700, *at * 4.  The court disregarded the fact that the plaintiff had a manufacturing facility in this District, instead emphasizing: "It is the defendant's products that are at issue in this infringement case, not plaintiff's."  *Id*.  Importantly, Simon's headquarters and principal place of business is in the Southern District of Indiana, and thus so are the documents relevant to the Simon App.  Furthermore, because this is a patent infringement case in which the Simon App. is at issue, the majority of the evidence will come from Simon, thereby favoring transfer to Indiana.

3.      **The Southern District of Indiana Would Be a Significantly More Convenient Forum For The Likely Witnesses.**

Transfer is warranted where litigating in the forum would constitute a burden on the defendant such that the defendant faces significant travel difficulty or has infrequent contact with the district.  *Semiconductor Energy Lab. Co., Ltd. v. Samsung Elecs. Co., Ltd.*, No 09-CV-1-BBC, 2009 WL 1615528, at *4 (W.D. Wis. June 9, 2009).  In addition, courts find in favor of

transfer where the defendant seeking the transfer can identify key witnesses located in the proposed transferee district to be called in the case. *Generac Corp. v. Omni Energy Sys.*, 19 F.Supp. 2d 917, 923 (E.D. Wis. 1998) (quoting *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293-94 (7th Cir. 1989)). Where witnesses who have information about issues relevant to the case are located in another district, transfer is warranted. *See D&G, Inc. v. Supervalu, Inc.*, No. 08-cv-761-slc, 2009 WL 1110412, at *5 (W.D. Wis. Apr. 24, 2009).

For example, in *D&G, Inc.*, the court noted that dozens of one of the corporate defendant's employees who had information regarding the contract at issue were located in Minnesota. The court held that this fact, along with the fact that the defendant had its principal place of business and headquarters in Minnesota, established that the District of Minnesota was "clearly more convenient" for the witnesses. *Id*; *see also Amtran Tech. Co., Ltd.*, 2009 WL 2341555, *at* *3 (transferring case because transferee forum was "more convenient for defendants because some of their corporate headquarters and many of their employees and documents are located there"); *Recht v. Metro Goldwyn Mayer Studio, Inc.*, No. 08-cv-250-slc, 2008 WL 4460379, at *2 (W.D. Wis. Sept. 29, 2008) (in granting transfer, observing that all of the defendant's employee witnesses were located in the proposed transferee district). Here, the witnesses who can testify to issues relating to the Simon App. are located in the Southern District of Indiana. These employees include those who work in Simon's Marketing and Finance & Accounting Departments. Thus, because Simon's corporate headquarters is in Indiana, and its employees and documents are located there, this case should be transferred.

### 4.    The Interests Of Justice Favor Transfer.

In the interests of justice, this case should be transferred. "Transfer and consolidation of actions involving common questions of law or fact support judicial economy and favor transfer in the interests of justice." *Kraft Foods Holdings, Inc. v. Procter & Gamble Co.*, No. 07-CV-

613-JCS, 2008 WL 4559703, at *4 (W.D. Wis. Jan. 24, 2009). Transfer will promote the interest of justice when it will facilitate the consolidation of related cases and avoid the possibility of two courts reaching inconsistent rulings, particularly in patent cases. *Uniroyal Engineered Prods., LLC,* 2009 WL 736700, *at* *4; *Snyder v. Revlon, Inc.,* No. 06-C-394-C, 2007 WL 791865, at *8 (W.D. Wis. Mar. 12, 2007) (citing *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 (7th Cir. 1986))

For example, in *Uniroyal Engineered Products, LLC,* the defendant had previously filed a declaratory action in another district that was a "mirror image" of the infringement action pending in this District in that it concerned the same parties and same patents. 2009 WL 736700, *at* *4. The court held that transfer was in the interests of justice so as to conserve judicial resources and "avoid the possibility that two courts could reach inconsistent rulings on a claim constructions, dispositive motions and verdicts by transferring [the] case." *Id.* Similarly, because this case involves the same parties and patent as does the previously-filed Indiana action, if transferred, this case would ultimately be consolidated with the Indiana action and thus the alleged patent infringement at issue in both cases could be efficiently decided in one court. It is in the interest of justice to transfer this case to Indiana, where a case involving the same parties and issues is already pending, thereby avoiding the risk of inconsistent judgments.

## B.   Plaintiff's Blatant Attempt at Forum-Shopping Should Not Be Tolerated.

The United States Supreme Court has warned that the decision to transfer venue under section 1404(a) "should turn on considerations of convenience and the interest of justice" and cautions that section 1404(a) "should not create or multiply opportunities for forum shopping." *Ferens v. John Deer Co.,* 494 U.S. 516, 523, 110 S.Ct. 1274, 1280, 108 L.Ed.2d 443 (1990). In contravention of this Supreme Court edict, Plaintiff has improperly registered as a Wisconsin company for the sole purpose of launching sham litigation against Simon. The court's decision

in *EVCO Technology & Development Co., LLC v. Precision Shooting Equipment, Inc.*, 379 F.Supp.2d 728, 730 (E.D. Pa. 2005), is instructive here. In that case, the court granted transfer where a plaintiff attempted a litigation tactic similar to that of Plaintiff. In *EVCO*, the plaintiff corporation's sole place of business was in Allentown, Pennsylvania, the district where the case was filed, but the court noted that EVCO's owner, and only employee, resided in Canada. *Id.*

The court concluded that EVCO "appear[ed] to exist only on paper in Allentown." *Id.* The court agreed with the defendant's position that the plaintiff had no established business in Pennsylvania and that the plaintiff's primary business activities in Pennsylvania involved litigation relating to the enforcement of the patent at issue. *Id.* In finding that EVCO's business [had] yet to extend beyond this litigation," the court granted the defendant's motion to transfer. *Id.* Similarly, Plaintiff's owner and employees reside in Canada and Plaintiff has no established business in this District other than the instant litigation to enforce the '130 patent. Plaintiff's decision to file in this district, after Simon had already filed a lawsuit against Plaintiff regarding the same patent infringement issue in Indiana, is precisely the kind of forum-shopping that the Supreme Court has warned against and that this Court should not tolerate.

## CONCLUSION

In conclusion, analysis of every section 1404(a) factor mandates transfer:

- Plaintiff's choice of forum is entitled to no deference because Plaintiff conducts no business in this District other than this litigation;

- Neither party truly resides in this District, and the evidence relating to the Simon App. is located in Indianapolis, Indiana;

- All of the key witnesses reside near and are employed in Indianapolis, Indiana; and

- The interests of justice are served by transferring this case so that inconsistent judgments are avoided.

For the foregoing reasons, Simon respectfully requests that this Court transfer the case to the United States District Court for the Southern District of Indiana for the convenience of the parties and witnesses and in the interests of justice. Simon further requests that the Court stay this action pending its decision on whether to grant Simon's motion to transfer.

Dated this 4th day of May, 2011.          WHYTE HIRSCHBOECK DUDEK S.C.


                                          By: *s/ Eugenia G. Carter*
ADDRESS:                                       Eugenia G. Carter
33 East Main Street                            *Counsel for Simon Property Group, Inc.*
Suite 300
Madison, WI 53703-4655
608-255-4440
608-258-7138 (fax)