IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NORTHMOBILETECH LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:11-cv-291 |
| v. ) | |
| ) | |
| GENERAL GROWTH PROPERTIES, INC., ) | |
| ) | |
| Defendant. ) | |

**JOINT PRELIMINARY PRE-TRIAL CONFERENCE STATEMENT**

After meeting and conferring under Rule 26(f) on July 15, 2011, Plaintiff, NorthMobileTech, LLC ("NMT") and Defendant, General Growth Properties, Inc. ("GGP") submit the following Joint Preliminary Pre-Trial Conference Statement in anticipation of the Telephone Preliminary Pre-trial Conference set for July 22, 2011 at 1:30 p.m.

**Parties' Proposed Scheduling and Discovery Plan**

The parties submit the following proposals for the discovery plan under Fed.R.Civ.P. 26(f):

| Date | Parties' Agreed Proposal |
|---|---|
| Initial Rule 26 Disclosures | 08/15/2011 |
| Plaintiff's Infringement Contentions | 08/19/2011 |
| Defendant's Contentions of Invalidity and Unenforceability | 09/14/2011 |
| Exchange of Terms and Proposed Construction | 09/22/2011 |
| Motions Requesting Construction (Opening Briefs on Claim Construction) | 10/12/2011 |
| Responsive Briefs on Claim Construction | 10/26/2011 |
| Claims Construction Hearing | 11/9/2011 |
| Amendment to Pleadings | 01/20/2012 |
| Initial Expert Reports (Liability) | 02/03/2012 |
| Rebuttal Expert Reports (Liability) | 03/05/2012 |
| Dispositive Motions | 04/24/2012 |
| Opening Expert Reports (Damages) | 06/15/2012 |

| Date | Parties' Agreed Proposal |
|---|---|
| Rebuttal Expert Reports (Damages) | 07/13/2012 |
| Settlement Letters | 09/21/2012 |
| Close of Discovery | 09/21/2012 |
| Rule 26(a)(3) Disclosures and All Motions in Limine | 09/21/2012 |
| Objections to Rule 26(a)(3) Disclosures | 10/05/2012 |
| Final Pretrial Conference | 10/19/2012 |
| Trial | November 2012 |

## OTHER INFORMATION REQUESTED IN STANDING ORDER

In addition to the above discovery plan proposal, the parties submit the following as a joint preliminary pre-trial statement to the Court:

**1.    Nature of the Case**

This is an action for patent infringement. Plaintiff NMT seeks an injunction and damages due to the alleged infringement of U.S. Patent No. 7,805,130 ("the '130 patent") entitled "Marketing Method." Defendant GGP denies the infringement allegations, and has filed counterclaims seeking a declaration that the claims of the '130 patent are invalid and/or not infringed.

**2.    Related Cases**

There are no related cases pending involving NMT and GGP. NMT has filed another lawsuit in this Court against Simon Property Group, Inc., Case No. 11-CV-287, also asserting claims directed to Simon's alleged infringement of the '130 patent. Both GGP and Simon have moved to transfer the respective cases to what each asserts is a more convenient venue. NMT denies that transfer is appropriate in either case, and filed its opposition to Simon's motion for transfer on May 23 and will file its opposition to GGP's motion on Thursday, July 21.

**3. Specific Statement of Material Factual and Legal Issues**

a. The issue of infringement of claims of the patent-in-suit, and whether any such infringement was willful;

b. The validity of the asserted claims of the patent-in-suit;

c. Damages, if the patent-in-suit is determined to be valid and infringed; and

d. Whether an injunction should issue.

**4. A Description of Any Amendments to the Pleadings**

Counsel are not presently aware of the need to amend any pleadings.

**5. The Identity of any New Parties**

Counsel are not presently aware of any additional necessary parties.

**6. The Estimated Length of Time Required for Trial**

Plaintiff NMT estimates it will take 3-4 trial days to present its case, including its damages and willfulness case.

Defendant GGP estimates it will take 3-4 trial days to present its case.

**7. Other Items**

A. *Electronic Service:* The parties hereby consent in writing that service by electronic means shall be allowed and that such service shall be complete upon transmission.

B. *Electronic Copies:* The parties agree that copies of all written discovery requests shall be provided and/or served electronically and that copies of all proposed findings of fact as required by the Court's standing order shall be provided and/or served electronically.

C. *Protective Order:* Prior to the production of documents in this case, the parties will seek from the Court the entry of a Protective Order governing confidential information, in a form to be agreed upon by the parties.

**D.** *Written and Electronic Discovery:* Except as stated below, the parties stipulate that the limitations of the Federal Rules of Civil Procedure should govern discovery in this matter, including the limitations on the number of depositions. The parties agree that the 10 depositions permitted by Rule 30(a)(2)(A) shall not include depositions of expert witnesses, and that the parties be allowed to serve up to 40 interrogatories. If it is later determined that additional discovery is needed, the parties will work together to facilitate reasonable additional discovery before seeking relief from the Court.

The parties stipulate that documents may be produced by providing electronic copies regardless of whether such documents were originally in tangible or electronic form. Emails will be produced in native form. The parties will cooperate in determining appropriate search terms for use in identifying and producing electronic documents, emails, and other items subject to discovery requests.

Dated this 19th day of July, 2011.

                NORTHMOBILE TECH LLC

                By:      /s/ Travis James West
                       Travis James West
                       State Bar No. 1052340
                       **SOLHEIM BILLING & GRIMMER, S.C.**
                       One South Pinckney Street, Suite 301
                       P.O. Box 1644
                       Madison, WI 53701-1644
                       (608) 561-1779 (phone)
                       (608) 282-1218 (facsimile)
                       twest@sbglaw.com

                       Keith A. Rabenberg
                       Admitted *Pro Hac Vice*
                       Michael J. Hartley
                       Admitted *Pro Hac Vice*
                       **SENNIGER POWERS LLP**
                       100 North Broadway, 17th Floor
                       St. Louis, Missouri 63102

       (314) 345-7000 (phone)
       (314) 345-7600 (facsimile)
       krabenberg@senniger.com
       mhartley@senniger.com

       ATTORNEYS FOR PLAINTIFF
       NORTHMOBILETECH, LLC.


GENERAL GROWTH PROPERTIES, INC.


By:   /s/ Mark A. Pals, P.C.
     Mark A. Pals, P.C., (IL 6201751)
     Eric D. Hayes, *pro hac vice*
     Helena D. Kiepura, *pro hac vice*
     KIRKLAND & ELLIS LLP
     300 North LaSalle Street
     Chicago, Illinois 60654
     Telephone: (312) 862-2000
     Facsimile: (312) 862-2200
     mark.pals@kirkland.com
     eric.hayes@kirkland.com
     helena.kiepura@kirkland.com
     *Attorneys for Defendant General Growth Properties, Inc.*

     David A. Casimir
     David A. Payne
     CASIMIR JONES, S.C.
     2275 Deming Way, Ste 310
     Middleton, WI 53562
     Telephone: (608) 662-1277
     Facsimile: (608) 662-1276
     dacasimir@casimirjones.com
     *Attorneys for Defendant General Growth Properties, Inc.*