IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORTHMOBILE TECH, LLC.,

                Plaintiff,

v.

GENERAL GROWTH PROPERTIES, INC.,

                Defendant.

ORDER

11-cv-291-bbc

---

    For reasons that are irrelevant to this order and not subject to input from counsel, the Honorable Barbara B. Crabb, District Judge, has changed her procedures for construing claims and deciding summary judgment motions in patent lawsuits. Judge Crabb has decided to implement these changes in all pending patent lawsuits in which the parties have not yet submitted briefs on claims construction. This is one of those cases.

    Judge Crabb has decided that the court now will construe terms as part of summary judgment motions practice. As a result, the court is striking most–but not all–of the current claims construction process: the parties still must exchange terms according to the deadlines set in the preliminary pretrial conference order, but the parties shall not file motions or briefs requesting claims construction, which means there will be no responsive briefs. The court will not hold a stand-alone claims construction hearing and shall not issue an order construing claims. Instead, if any party wants the court to construe a claim, it must make that request and offer its proposed construction in its motion for summary judgment and supporting documents. A party may not seek construction of a claim not disclosed in the initial exchange of terms without leave of court. The sixteen-claim limit on construction no longer applies because the court expects that its new combined procedure will result in more tightly focused construction requests. Any objection to an opponent's proposed construction would have to be argued in the

response to the summary judgment motion. The usual 21/10 response/reply cycle for summary judgment briefing continues to apply.

The court's new calendaring template requires summary judgment motions seven months before trial; in this case, we already have a seven month gap, but we need to take back two weeks to account for the post-briefing hearing. The court will schedule oral argument to occur after briefing is completed *as a placeholder:* this hearing is for the court's benefit, and Judge Crabb has sole discretion to announce those topics on which she wishes to hear argument or to cancel the hearing if she deems it unnecessary. It is up to each party, in its first brief in the summary judgment cycle, to announce the topics on which it is requesting oral argument, along with an explanation as to why this is necessary. A party may request argument on claims construction and on summary judgment issues other than claims construction. If the court decides to grant a request for a hearing, it will advise the parties which issues are on the court's agenda. Each side will have 90 minutes to present argument and answer the court's questions on those issues. No new evidence may be presented, although a party may use and refer to evidence present in its submissions on summary judgment.

In light of this restructuring of pretrial procedures and events, the parties are free to reset expert deadlines as they deem appropriate, with the court available to resolve any disputes in that regard.

Applying these new procedures to this case results in these changes:

The September 23, 2011 exchange of terms and proposed constructions shall occur, followed two weeks later by either side's supplemental and amended disclosures.

The October 21, 2011 deadline to file motions requesting construction is stricken, as is the November 4, 2011 response deadline.

The November 18, 2011 claims construction hearing is stricken.

The parties are free to change their liability expert disclosure deadlines of February 3, 2012 and March 5, 2012.

The deadline for filing dispositive motions is moved forward two weeks to April 10, 2012.

Oral argument on summary judgment and claims construction is set for Thursday, June 21, 2012 at 9:00 a.m.  As noted above, the parties must ask the court to hold the hearing, report the topics they would like to argue to the court and explain why such argument would be useful.  It is within the court's discretion whether to hold the hearing and which topics to discuss.

In all other respects the dates, directives and procedures contained within and attached to the preliminary pretrial conference order remain in effect.

Entered this 28th day of July, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge